EVANS *v.* SECREST and Another.

A note executed to *Lorena Emerine Evans,* and assigned on the back thereof to the plaintiffs by *George Smith* and *Lorena Emerine Smith,* was filed before a justice of the peace as a cause of action, and a judgment rendered against the maker by default. There was no averment showing that *Lorena Emerine Evans* and *Lorena Emerine Smith* were the same person. On appeal, in the Circuit Court, the defendant moved the Court to dismiss the suit. *Held,* that the motion should have been sustained.

ERROR to the *Putnam* Circuit Court.

PERKINS, J.—Suit before a justice of the peace upon a promissory note and indorsement as follows:

"For value received, I promise to pay unto *Lorena Emerine Evans* the just and full sum of 48 dollars on or before the first day of *January,* 1849, as witness my hand and seal. *Martha Evans* [seal]."

Indorsement on the back thereof—

"We assign the within note to *Secrest* and *Walls,* December 27, 1849. *George Smith, Lorena Emerine Smith.*"

Judgment before the justice by default.

Appeal to the Circuit Court. Motion there by the defendant that the suit be dismissed for want of a sufficient cause of action. Motion overruled, and judgment for the plaintiffs for the amount of the note, &c.

We think the motion to dismiss should have been sus-

Nov. Term,
1852.

tained. It does not appear, even *prima facie*, by the record that the plaintiffs have an assignment of the note from the payee thereof. It should so appear. There should be an averment showing the identity of *Lorena Emerine Evans* and *Lorena Emerine Smith*. See *Vandagrift* v. *Tate et ux.*, 4 Blackf. 174.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. M. Hanna*, for the plaintiff.

*J. Cowgill*, for the defendants.